# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| HEBERTO SANTA ANA BARRAZA | § | |
| | § | |
| v. | § | |
| | § | SA-13-CV-30-XR |
| UNITED STATES OF AMERICA | § | SA-11-CR-1084-XR |

## ORDER

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case (docket no. 35) and Plaintiff's objections thereto (docket no. 39). After careful consideration, the Court will accept the report and deny Barraza's motion to vacate.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case because Plaintiff has filed objections, the Court has conducted a de novo review.

Barraza was charged in an indictment with illegal re-entry. He pled guilty. Because of a prior conviction for possession and sale of cocaine, he received a sixteen level enhancement. His criminal history was III and his adjusted total offense level, after an adjustment for acceptance of responsibility credit, was 21. His advisory guideline range was 46 to 57 months. On August 29, 2012, he was sentenced to forty-six months of custody. The Judgment was signed on September 6, 2012.

Barraza filed a motion to correct the sentence claiming that "in the State they give half the Time" and because he received six years for some state offense which resulted in three years actual incarceration, he thought this Court made some mistake. The motion to correct sentence was denied. No direct appeal of the sentence was made to the circuit court.

On January 7, 2013, Barraza filed this motion to vacate under 28 U.S.C. § 2255. In this motion he claims "my attorney never told me that I could appeal." He also claims he was not given credit for "fast track[1]" as he pled quickly and that he should have received a lesser sentence because of "cultural assimilation."

The motion was referred to the Magistrate Judge for a Memorandum and Recommendation. The Magistrate Judge correctly noted that because of Barraza's criminal history he was not qualified to receive any "fast track" reduction. With regard to the argument that he should have received a departure and lesser sentence pursuant to USSG § 2L1.2, commentary note 8,[2] the Magistrate Judge noted that Barraza first illegally entered the United

---

[1] USSG 5K3.1 provides: "Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."

[2] "There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant. In determining whether

States at age 25, and after he was ordered removed and illegally re-reentered he committed various DWI and drug offenses. Accordingly, the Magistrate Judge correctly noted that Barraza did not meet the qualifying criteria for a departure under this guideline.

Barraza filed objections to the Magistrate Judge's Memorandum and Recommendation again arguing that he should be given a "fast track" adjustment. Defendant also acknowledges that although the Court informed him of his right to appeal, his lawyer advised him not to appeal, and this advice was ineffective. He makes no claim that he instructed his attorney to file an appeal, and that his attorney failed to do so.

A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id*.

Barraza fails to demonstrated there was a reasonable probability the result would have been different but for his counsel's advice not to file an appeal. As stated above, he was not qualified to receive an adjustment under the then existing fast track program authorized by the Attorney General of the United States and the United States Attorney for the Western District of Texas. In addition, he did not meet the criteria for a departure for "cultural assimilation." With

---

such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States."

regard to the advice not to appeal because on remand he could receive a greater sentence, Barraza admits that he initially accepted this advice. Inasmuch as the Court, after reviewing all of the § 3553 factors, issued a sentence at the low end of the advisory guideline range, Barraza's attorney made no serious error.

## DENIAL OF COA

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). A substantial showing requires the movant to demonstrate that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999). The district court must either issue a certificate of appealability when appropriate, or must state the reasons why a certificate should not issue. Fed. R. App. P. 22(b).

For the reasons stated above, the movant has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action. As a result, the Court DENIES the movant's request for a certificate of appealability.

## Conclusion

Defendant's motion to vacate (docket no. 33) is DENIED. The Clerk is instructed to issue a judgment and close this case.

SIGNED this 21st day of March, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE